YAZOO & MISSISSIPPI VALLEY RAILROAD CO. v. WIRT ADAMS, STATE REVENUE AGENT.*

1. ACTIONS.  *Injunctions and supersedeas bond.    Premature suit.*

   Actions on injunction and supersedeas bonds are not maintainable until the final disposition of the cause in which they were given.

2. SAME.  *Case.*

   Pending an appeal to the federal supreme court from a decree of a federal circuit court, dismissing a bill of complaint, suits in a state court cannot be maintained on bonds given in such circuit court to procure respectively a restraining order and an appeal with supersedeas from a decree setting such order aside, although the last mentioned appeal has been dismissed by the federal circuit court of appeals, and the appeal to the federal supreme court was without supersedeas.

3. SAME.  *Supersedeas.*

   Decrees with and without supersedeas have the same effect, except that the former operate to stay execution.

FROM the circuit court of Hinds county, first district.

HON. ROBERT POWELL, Judge.

Adams, state revenue agent, appellee, was the plaintiff, and the railroad company, appellant, defendant in the court below. The opinion states the case.

*Justice Calhoon having been of counsel in this case, recused himself and Newnan Cayce, Esq., was appointed special judge in his stead.

*J. M. Dickinson* and *Mayes & Harris*, for the appellant..

The court below should have taken one or the other of two courses. It should have dismissed the suit as premature, or it should have suspended judgment until the determination of the appeal to the supreme court of the United States.

"An action on an injunction bond, instituted pending a valid appeal to the supreme court of the United States from a final decree of the district court dismissing the plaintiff's bill, cannot be maintained, although the appeal was taken without supersedeas. The operation of the final decree of the district court is suspended by the appeal." *Cohn* v. *Lehman*, 93 Mo., 574. See also the following cases: *White* v. *Clay*, 7 Leigh, 68; *Bentley* v. *Joslin*, Hemp., 218; *Penny* v. *Holberg*, 53 Miss., 567; *Goodbar* v. *Dunn*, 61 Miss., 624; *Bemis* v. *Gannett*, 8 Neb., 236; *Clark* v. *Clayton*, 61 Cal., 634; *Thompson* v. *McNair*, 64 N. C., 448; *Gray* v. *Giers*, 33 Md., 159.

It seems clear that as long as there is a legal possibility of the reversal of the judgment of the court below by which the injunction is dissolved, as long as there is a legal possibility that in due course of litigation the injunction shall be reinstated in the identical cause in which it was originally issued, it cannot be that the obligees in the injunction bond shall be entitled finally to recover judgment for damages on dissolution. Any other holding would lead to the absurdity that a final judgment shall be rendered because of the dissolution, and yet it shall be finally determined by the courts of competent jurisdiction that the injunction was improperly dissolved, and must be reinstated; and the courts shall thereby appear in the absurd attitude of awarding damages for the dissolution of an injunction still pending, and which may be, in the long run, perpetuated. Since the above was printed the judgment of the United States court has been, in fact, reversed, and the cause is to be reinstated in that court.

Again: it is not the mere dissolution of an injunction which entitled the obligees in the bond to recover. There must be

a damage, and the foregoing cases show that any suit brought on the injunction bond is prematurely brought unless there has been a legal adjudication of the ultimate right of the parties enjoined to do the thing, or to enjoy the property right, which they were enjoined from doing or enjoying. In other words, the court cannot consent to occupy the singular attitude of holding that a party is entitled to a judgment upon the dissolution of an injunction before it has been somewhere or other adjudged that he has a right to the thing which he was enjoined from doing.

Would it not be a singular attitude if this court should hold that the appellees are entitled to recover interest on taxes as damages because they were restrained from collecting the same, when it is entirely possible that it may be finally adjudicated that they are not entitled to the taxes themselves? The court below should not have rendered any judgment for interest on the taxes until there had been a final adjudication that the plaintiffs were entitled to the taxes themselves. They cannot be entitled to the interest and not to the principal.

The agreed state of facts showed that at the same time the judgment was rendered, the judgment which the state revenue agent had recovered for the taxes of 1898, was pending on appeal with supersedeas to this court and was still undetermined. There the record ends. As a matter of fact the judgment was affirmed, but it is also true, as this court will judicially know, that the same judgment is now also pending on writ of error, with supersedeas, before the supreme court of the United States.

Suppose the supreme court of the United States should hold that the privilege reserved by section 5 of the charter of the Louisville, New Orleans & Texas Railway Company was in fact a contract right, and not repealable, and not lost by the consolidation of 1892—then what sort of attitude would this judgment be in? There the case of *San Bernardino County* v. *R. R. Co.*, 118 U. S., 417, 425, becomes pertinent. If the

defendant is not liable for the taxes, it certainly is not liable for any incident to the taxes, and the question of the liability for the incidents must necessarily be held in abeyance until the final determination of the question of the liability for the principal.

What is above said with reference to the suit on the injunction bond of course is equally applicable to the suit on the supersedeas bond.

*Critz, Beckett & Kimbrough* and *Green & Green*, for the appellee.

The bill was finally dismissed on May 1, 1899, and an appeal granted without supersedeas on May 3, and this suit on the bonds brought May 19, 1899.

It is true, as held in *Penny* v. *Holberg*, 53 Miss., 567, that a suit could not be brought on the bond till the bill had been dismissed. An appeal was granted, but it was without supersedeas, and whatever conflict there may be among the authorities, as to whether a judgment or decree is *res adjudicata*, where it has been superseded, there seems to be none where no supersedeas is granted. In such cases, the appeal, or writ of error, is in the nature of a new suit to set aside the judgment or decree, and has no effect till it is set aside or vacated. Hence, it is no objection to a suit on an injunction bond. *Fears* v. *Riley*, 147 Mo., 453, par. 4, p. 457. And in this state it is expressly held that where there is no supersedeas, or it has been discharged, the bond may be sued on. *Somerville* v. *Mayes*, 54 Miss., 33.

Interest is statutory. Under the code of 1892, § 2348, it is made a legal incident at the rate of 6 per centum on "notes, accounts and contracts." This, of course, does not embrace taxes.

Under § 2350, judgments and decrees bear interest at the rate of the debt sued on. "All other judgments and decrees

shall bear interest at the rate of 6 per centum per annum."
Under similar provisions it is held by the supreme court of the
United States, that a judgment for taxes should bear interest
from and after its rendition.    *West. Union Tel. Co.* v. *Indiana,*
165 U. S., 309.. And this court has affirmed various judg-
ments in the course of this litigation, all bearing interest. So,
there is no remoteness or uncertainty, but a certainty and
directness that there was a loss of interest for the time that
the plaintiff was prevented by the injunction from obtaining
judgment.

Since the bond was sued on in this case the original case has
been reversed by the supreme court of the United States and
the bill reinstated.

The record shows that after the injunction was dissolved,
preventing us from suing, we sued.   It was not an injunction,
but a temporary restraining order, which was discharged, and
no injunction was ever granted, but absolutely refused.   This
temporary restraining order expired by its own force and terms
under the law when the injunction was refused, and it was not,
and never could be, reinstated under any conceivable state of
facts.

The federal laws are different from ours in that respect.   The
federal law is section 718 of the revised statutes of the United
States, and is as follows:   " Whenever notice is given of a
motion for an injunction out of a circuit or district court of the
United States, the court or judge thereof may, if there appears
to be danger of irreparable injury from delay, grant an order
restraining the act sought to be enjoined until the decision
upon the motion; and such order may be granted with or with-
out security, in the discretion of the court or judge."

While the bond given in this case has the same force and
effect as an injunction bond, still it was not under latter clause
supra, and, under the terms of the statute, was only to last
" till the decision upon the motion " for the injunction.   A
time and place was fixed by agreement, and the plaintiff, the

Yazoo & Mississippi Valley Railroad Company, appeared and moved for an injunction, and we appeared and made a counter motion—to discharge the temporary restraining order, and not to dissolve, but to refuse the injunction. The court refused the injuction and discharged this order. Hence, as we say, no injunction was ever granted. When the temporary restraining order was discharged we sued.

Now, under section 720 of the revised statutes of the United States, no injunction shall " be granted to stay proceedings in any court of a state " except in bankruptcy proceedings.

Then, as we have sued, and sued when we were not enjoined and have a right to sue, it is impossible, in the very nature of things, that on any reversal of the appeal to the supreme court of the United States or otherwise, any injunction can be granted by the United States court.

After the injunction was refused and bill dismissed, and we had brought suit in the state court for the taxes, we had a right to sue on the injunction bond, and the appeal to the United States supreme court without supersedeas is no bar to the suit, because there is no possibility under the laws of the United States, and section 720 of the revised statutes of the United States, that any injunction can ever be granted or reinstated. The final dissolution of an injunction, such as this now necessarily is, is a conclusive determination that the injunction or restraining order was wrongfully granted.

Argued orally by *Edward Mayes* for appellant, and by *R. C. Beckett* and *Marcellus Green* for appellee.

HON. NEWNAN CAYCE, Special Judge, delivered the opinion of the court.

In December, 1898, appellants filed their bill, on the equity side of the United States circuit court for the southern district of Mississippi, praying an injunction restraining appellees from bringing any suit, or taking any steps whatever, for the col-

lection of state, county or municipal taxes for the year 1898, upon the property of appellant. The federal judge granted the restraining order, upon the appellants executing bond in the sum of $500, which was given, R. W. Millsaps and John Hart becoming sureties, on 26th December, 1898.

This bond was conditioned "to pay all costs of said injunction, and in all other respects discharge and satisfy in full such judgment as the court may pronounce therein, in event said injunction shall be dissolved."

On February 7, 1899, upon motion of appellees, the restraining order was discharged and dissolved.

On February 9, 1899, an appeal from such order discharging said restraining order, was granted appellants, to the United States circuit court of appeals, bond with supersedeas being given in the sum of $1,200, with John Hart and Samuel S. Carter, sureties. This appeal was dismissed by the United States circuit court of appeals on April 25, 1899.

On the 1st day of May, 1899, on motion of appellee, the bill of appellants, in the United States circuit court, was dismissed and, on May 3, 1899, appellants prayed and obtained an appeal, to the United States supreme court, from the decree dismissing their bill. The appeal to the United States supreme court was granted, without supersedeas, and an appeal bond given, on the 3d day of May, 1899. No damages were asked or awarded on the dismissal of the bill.

On the 19th day of May, while this appeal to the United Sthates supreme court was pending, the appellees instituted suit in the first district of Hinds county, Miss., upon the injunction bond against appellants and their sureties, and upon same day instituted suit in the same court, upon the appeal and supersedeas bond against the appellants and their sureties upon that bond. The cases being numbered respectively 3273 and 3275. By consent and request of all parties, the cases were consolidated, the consolidated cause retaining the number 3273. This consolidated cause was tried upon an agreed statement of

facts, and judgment rendered thereon by the circuit court of Hinds county, against appellants and their sureties, for the full penalty of the bonds, respectively.    An appeal was taken to this court therefrom.    The following points are presented :

1.  " Whether, when the bill for injunction was dismissed by the circuit court of the United States on May 1, 1899, the appeal to the United States supreme court therefrom, without supersedeas, was a bar to these suits upon the injunction and appeal and supersedeas bonds, instituted on May 19, 1899, the appeal to the United States supreme court being then pending and undetermined.

2.  " Can a suit be maintained in a state court on injunction and supersedeas bonds given in proceedings in the courts of the United States ?

3.  " Can damages for loss of interest be recovered on these bonds ?

4.  " If loss of interest was a proper subject for damages, could it be recovered in advance of a judgment establishing the liability of the property to taxes ? "

It appears from the agreed statement of facts herein that at the time these suits were instituted upon the injunction and appeal bonds, an appeal to the supreme court of the United States, in the cause in which they were given, was, pending such appeal to the supreme court of the United States, being taken without supersedeas.    Until there has been a final disposition of the suit, in which an injunction bond is given, no action at law upon the bond can be maintained.    *Penny* v. *Holberg*, 53 Miss., 568; *Goodbar* v. *Dun*, 61 Miss., 624; *Cohn* v. *Lehman*, 93 Mo., 574.

*Cohn* v. *Lehman*, supra, was similar to the case at bar.    That was a suit instituted in the circuit court of the city of St. Louis, to recover the penalty of an injunction bond, executed by the defendants in an equity suit commenced in the United States district court.    Upon hearing in the United States district court, the restraining order was dissolved and the bill dis-

missed. Appeal, without supersedeas, to the supreme court of the United States was taken from this order dismissing the bill, and while such appeal was pending in the supreme court of the United States, suit was brought in the state court upon the injunction bond, which suit upon the injunction bond, being before the supreme court of Missouri upon appeal, that court said: ''A final decree was rendered in the district court of the United States dismissing plaintiff's bill, but, by appeal to the supreme court of the United States, such decree, as well as the whole case, was removed to the supreme court for review, and its operation as a final decree was suspended, and so remained suspended at the time of the institution of this suit. . . . The statutory supersedeas operates only upon the process of the court; it stays execution, and that is its only office. In all other respects an appeal is as operative without as with a supersedeas. . Rights which do not depend upon the execution of the decree, but depend alone upon the final determination of the issues in the suit, are left in the same condition by appeal without supersedeas as they would be by appeal with supersedeas. And as we have seen, the right of the plaintiff to sue in this case is dependent upon the final determination of the suit in which the bond is given, and that right is as well suspended by an appeal without as it would be by an appeal with supersedeas.''

This reasoning is in accord with the views of this court, and it follows that at the time this suit was instituted no cause of action existed upon the bonds, and the suit was prematurely brought. This conclusion being decisive of this cause, it is unnecessary to respond to the other points presented by this record.

*The judgment of the lower court is reversed, and the case dismissed without prejudice.*