NANCY ROBERTS *v*. TOWN OF PORT GIBSON.

[42 South. Rep., 540.]

MUNICIPALITIES.    *Ordinances.    Misdemeanors.    Convictions.    Appeals. Escaped convicts.    Code* 1892, § 64.

Under Code 1892, § 64, providing for bail after conviction of a misdemeanor, one convicted of violating a municipal ordinance can appeal from the circuit court to the supreme court only when he is in custody or has given bond to surrender himself to the sheriff to suffer the judgment appealed from if the same shall be affirmed.

FROM the circuit court of Claiborne county.

HON. JOHN N. BUSH, Judge.

Nancy Roberts, the appellant, was tried and convicted in the mayor's court of Port Gibson on the charge of unlawfully selling intoxicants, a misdemeanor under the ordinances of the town.    She appealed to the circuit court, giving bond for her appearance there; but when the case was called for trial in that court she failed to appear in person, and the court dismissed her appeal and adjudged a forfeiture on her appearance bond, over the protest of her counsel.    From the judgment of the circuit court she appealed to the supreme court.    Appellee made a motion in the supreme court to dismiss the appeal.    The opinion of the court on the motion states all the material facts.

*E. S. & J. T. & H. W. M. Drake,* for the motion.

Appellant has no right to an appeal prosecuted as this one has been. When the case was called in the circuit court for trial in June, 1906, defendant failed to appear, and, in fact, has never at any time appeared. Her affidavit of poverty, made under code of 1892, § 61, to secure an appeal, shows on its face that it was made beyond the jurisdiction of the courts, in Shelby county, Tennessee.

Although Code 1892, § 61, provides that appeals may be taken without bond upon affidavit of poverty, it must be construed with sec. 64, which provides that an appellant in a misdemeanor case shall not be released from imprisonment until he shall have given bond. In this case no bond was given; the defendant has relieved herself of all danger of imprisonment by removing her person out of the sheriff's reach. The two sections, Code 1892, §.§ 61, 64, taken together, show plainly that appeals are permitted only when the defendant is in *custodia legis.* *Lum* v. *State,* 66 Miss., 389 (s.o., 5 South Rep., 689).

The view above expressed coincides with the language of Code 1892, § § 4368, 4376, and the position taken by appellant, that she can remove herself beyond all danger in case the appeal be affirmed, and still ask for reversal, does violence to every reasonable interpretation of the statutes.

Aside from any reasoning of counsel, however, we insist that this appeal must be dismissed, under the holding of this court in *Ex parte Caldwell,* 62 Miss., 774, and *Henning* v. *Greenville,* 69 Miss., 214. In the first of these cases this court said: "It was no wrong to her (appellant) to dismiss her appeal upon her failure to prosecute it," and, further, that "it was allowable for the circuit court to treat her failure to appear for trial anew as an abandonment of her appeal, and to dismiss the appeal." And in the second one, *Henning* v. *Greenville,* the court held that if the accused appeals from a dismissal of her appeal from a mayor's court, which dismissal resulted from appellant's fail-

ure to appear in the circuit court for trial, she cannot complain that the circuit court refused, in her absence, to inquire into her guilt on the merits.

*F. A. Polsley,* against the motion.

Code of 1892, § 61, has no such narrow and restricted meanind as counsel for the motion ascribe to it. Under her appearance bond the appellant was and is virtually in custody. Nor do any of the other code sections cited by counsel for the motion support the construction they place on them. The sentence against appellant is one imposing a fine, and, as shown by her affidavit for appeal, her property has already been sold to satisfy it. Her bondsmen on her appearance bond are yet liable for the fine, if the property prove insufficient. Appellant is not "in hiding."

There is a difference between this case and the cases of *Henning* v. *Greenville,* 69 Miss., 214, and *Ex parte Caldwell,* 62 Miss., 774. In Henning's case the court said: "If the defendant did not choose to prosecute his appeal, he cannot now complain that the court did not pass upon the question of his guilt under the law and the facts." Mrs. Roberts did not choose to abandon her appeal. In *Ex parte Caldwell, supra,* the district attorney in the circuit court moved to dismiss the appeal because defendant failed to prosecute the same. In the case at bar no such motion was entered against Mrs. Roberts; and defendant, through her counsel, has constantly sought to prosecute her appeal with vigor and persistence. *Ex parte Caldwell* held that it was not error toward defendant for the circuit court to dismiss her appeal, *upon her failure to prosecute it herself.* In neither of these two cases cited did the appellant, through representative counsel, do anything in the circuit court toward prosecuting the appeal, or even ask for review of the magistrate's rulings.

Mrs. Roberts was not only represented in the circuit court by

counsel, but that court passed upon the motions and demurrer filed by the defendant through her counsel.

Appellant's contention in this case in no wise conflicts with the holding of the court in *Lum* v. *State,* cited by counsel for the motion.

Not only is a right to appeal given by Code 1892, § 87, but also a right to a hearing on the appeal. In *Horne* v. *McKinnon,* 78 Miss., 307 (29 South. Rep., 149), where a justice of the peace dismissed a suit for non-appearance of plaintiff, this court held that there was a final determination of that particular suit, and appeal lay.

Does the fact that appellant was only legally and not personally present in court when the case was called for trial excuse the errors of law committed therein? Under Code 1892, § 86, appellant by her counsel moved the court to review the judgment of the mayor's court, because the mayor had imposed a heavier sentence than the law allowed him to impose. Was this not error of which the court will take cognizance?


MAYES, J., delivered the opinion of the court.

On the 26th day of December, 1905, Mrs. Roberts was convicted in the mayor's court of the town of Port Gibson of unlawfully retailing intoxicating liquors in violation of the ordinances of the town. She executed bond and appealed to the circuit court of Claiborne county. The appeal bond was approved on the 27th day of December, 1905. Circuit court convened in January, 1906, and after defendant's counsel had filed a demurrer to the affidavit made in the mayor's court, on which defendant was convicted, and a motion to discharge the appellant, which were both overruled by the learned judge, the case was continued to the next term of the court, which was in June, 1906. When the court convened in June, this case was regularly called in due course, whereupon defendant's counsel made another motion, which was overruled by the court. At this stage

in the proceeding the defendant, through her counsel, announced herself ready for trial and called for a jury. The record shows that the defendant was not personally present in court when counsel representing her asked for a trial. At the instance of the prosecuting attorney the court had defendant called, and, failing to appear, over the protest of counsel representing defendant and disregarding his demand for a trial, dismissed the appeal, took a forfeiture on the bond, and issued a writ of *procedendo* to the mayor's court. A motion was made to set aside the order of the court dismissing the appeal, taking a forfeiture on the bond, and directing that a *procedendo* issue to the mayor's court, which motion was overruled, and a judgment finally entered on the 30th day of June, 1906. We have not set out any of the motions made by counsel for defendant, nor have we set out the demurrer, as we do not deem them important in deciding this case. On the 3d day of October, 1906, Mrs. Roberts made affidavit, under § 61, Annotated Code 1892, that by reason of her poverty she is unable to give an appeal bond for the purpose of appealing her cause to the supreme court, or to deposit a sufficient sum of money with the clerk for the purpose of covering the cost, and prays an appeal to the supreme court. This affidavit is made in Shelby county, Tennessee, before a notary public, who recited that Mrs. Roberts personally appeared before him and made the oath on the 3d day of October, 1906. On the 5th day of October, 1906, this affidavit is filed in the office of the circuit clerk, and on the 28th of October, 1906, the record is filed in the clerk's office of the supreme court.

The record shows that Mrs. Roberts was in default of appearance in the circuit court, and that a forfeiture was taken on her bond there, and the affidavit shows that she was in the State of Tennessee at the time she made that. The record amply supports the conclusion that Mrs. Roberts is now at large on a forfeited appeal bond to the circuit court, and that she is not now, and has not been since the circuit court rendered its judg-

ment, in the custody of the law, but that she is purposely away in an attempt to avoid being compelled to answer the judgment of the court. The record discloses the fact that, though still at large, and though Mrs. Roberts makes affidavit under § 61, Annotated Code 1892, of her inability to deposit money for cost or to give an appeal bond, she has not given bail for her appearance and surrender to the sheriff of the county to suffer the judgment or sentence, if it shall be affirmed by the supreme court, as is required by § 64, Annotated Code 1892. In this attitude of the record, counsel for prosecution make a motion to dismiss the appeal in the supreme court: (1) Because the record shows that she was convicted of an offense before the mayor, and appealed to the circuit court, and, pending her appeal, absconded and is now a fugitive from justice. (2) Because, as shown by the record, she is still outside the jurisdiction of this court, and has not come into same, or surrendered herself to the officers of the law, before taking the appeal. (3) Because the appeal is taken on an affidavit of poverty, as provided by § 61, Annotated Code 1892, and said section contemplated that the accused shall be in custody, and the sentence of the court enforceable, before the appeal shall be granted, or that bail shall be given as provided in § 64, Annotated Code 1892.

Whatever may be the cause of Mrs. Roberts' absence, it is plainly manifest from the record that she was in default of appearance at the circuit court when her case was called, and that she has not yet surrendered herself to the proper officers. If she was absent because she was sick when the case was called for trial in June, no application was made for a continuance on this account; nor does the record show that any information of this kind was given to the circuit judge. On the contrary, counsel representing defendant announced his readiness for trial and insisted on the court's proceeding with the trial. We can only try a cause on what the record is made to show when it

comes to us. Mrs. Roberts is not entitled to an appeal on her mere affidavit that she is unable to give an appeal bond, or deposit sufficient money to pay the cost, unless the record shows that she is in custody, or unless she gives bail to surrender herself to the sheriff of the county to suffer the judgment or sentence, if it shall be affirmed by the supreme court, as provided for in § 64, Annotated Code 1892. This appeal cannot be entertained here, for the reason that the record shows that she stands under a sentence of the court, in default of appearance in the court which rendered the judgment, a fugitive, and not in custody of the law, and in this condition undertakes to prosecute an appeal to the supreme court without surrendering to the proper officer, and without giving bail for her appearance to answer the judgment of the supreme court, in case the sentence or judgment is affirmed, by making an affidavit that she is unable to deposit cost or give an appeal bond, while yet refusing to submit herself to the jurisdiction of the court, so as to show her willingness to answer such sentence or judgment as the court may render. In order to take the appeal, she must not only file the affidavit under § 61, Annotated Code 1892, but she must surrender herself to the proper officer, or execute a bail bond conditioned according to § 64, Annotated Code 1892. *Lum* v. *State,* 66 Miss., 389 (5 South. Rep., 689).

    *Let the motion be sustained and the appeal dismissed.*