## NELSON *v.* CITY OF NATCHEZ.

(In Banc. Nov. 13, 1944. Suggestion of Error Overruled Dec. 22, 1944.)

[19 So. (2d) 747. No. 35655.]

**Engle & Laub,** of Natchez, for appellant.

Gerard H. Brandon, of Natchez, for appellee.

**Griffith, J.,** delivered the opinion of the court.

The City of Natchez has an ordinance which makes it a criminal offense against the city for any person to profanely swear or curse or use vulgar or indecent language in any public place within its corporate limits. Appellant was charged with having violated this ordinance in a public place, namely, in the Splendid Cafe at the intersection of Franklin and Union Streets. The charge was amply proved.

There are differences in the literal purport of the term "public place," and appellant contends that when the rule of strict construction is applied to the penal ordinance in question, it must be held to include only such places as are owned by the public and controlled or superintended by public agents, not a place privately owned and operated, such as is the restaurant wherein the conduct here complained of occurred.

Certainly, the general rule is that penal statutes must be strictly construed. At the same time courts are required to take a reasonable and common-sense view of the evil at which a statute is directed and the protection which it is designed to afford; and when these are within the letter of the statute, the enactment is to be construed in accordance with its purpose, although its letter would admit a narrower interpretation. Bobo v. Commissioners, 92 Miss. 792, 812, 46 So. 819; State v. Stigler, 179 Miss.

276, 281, 175 So. 194; 50 Am. Jur., Statutes, Secs. 415-417, pp. 439-441; and Sec. 59 C. J., p. 118, note 37(b).

Looking then to the evil at which the ordinance is directed and the protection which it is designed to afford, a public place within the ordinance, and as applied to an enclosure, room or building, must be considered as one wherein, by general invitation, members of the public attend for reasons of business, entertainment, instruction or the like, and are welcome so long as they conform to what is customarily there done. 35 Words & Phrases, Perm. Ed., pp. 258-273, and compare 27 C. J., p. 985, sec. 92. An eating house is a public place, Neal v. Com., 22 Grat. (Va.), 917, 918, and a restaurant is an eating house under another name. It is within this definition that a church is held to be a public place. Orf v. State, 147 Miss. 160, 113 So. 202. And so a barber shop. Cochran v. State, 30 Ala. 542.

Appellant says further that the restaurant in this case could not be a public place, because only white people are admitted there. Even so, there are restaurants where only colored people are admitted. Likewise as to every hotel and schoolhouse in this state and most of the churches and theatres, and these, whether white or colored, are within statutes such as this. If the ordinance in question had as its purpose the protection only of places where everybody of every race assembled or attended, there would have been but little need in enacting it at all. It has no such restricted purpose or meaning.

There are several other assignments, but we do not deem them of importance and none of them are maintainable.

Affirmed.