MILLS, Justice,
for the Court:

STATEMENT OF THE CASE

¶ 1. Pending his appeal from a possession of marijuana conviction, appellant Robert Lewis Jones was released on $40,-000 bail. To be released, he was required to pay a bail bondsman ten percent of the bail amount, a $4,000 fee. The Court of Appeals affirmed his conviction and we granted certiorari. This Court reversed and rendered the possession of marijuana conviction and taxed the state with the costs of appeal. Jones v. State, 693 So.2d 375 (Miss.1997). Jones then submitted his application for costs in which he listed the ten percent fee he paid the bail bondsman. In the Circuit Court of Jackson County, Circuit Judge James W. Backstrom denied the request for repayment of the $4000 cost to secure a bond. From the trial court’s judgment, Jones appeals assigning the following issue as error:
*298 WHETHER A SUCCESSFUL CRIMINAL APPELLANT IS ENTITLED TO RECOVER THE COST OF HIS BOND FOR BAIL ON APPEAL WHEN COSTS ARE AWARDED TO HIM BY THE MISSISSIPPI SUPREME COURT.

DISCUSSION

¶ 2. This issue is one of first impression in Mississippi. Jones relies on Mississippi Rule of Appellate Procedure 36 which describes costs to be awarded on successful appeal and states:
(c) Costs on Appeal Taxable in Court Below. Costs incurred in the preparation and transmission of the record, the costs of the reporter’s transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal, and the fee for filing the appeal shall be taxed in the trial court as costs of the appeal in favor of the party entitled to costs under this rule.
M.R.A.P. 36(c). Jones contends the term “other bonds to preserve rights pending appeal” applies in this situation to include his bail bond. He suggests he had a right to remain free from incarceration during his appeal to the Court of Appeals, and he contends he should be reimbursed for the amount of the bond posted to secure that right. Jones analogizes the bond in the instant case with a supersedeas bond.
¶ 3. The State responds that the payment to the bondsman was not paid “into court” and that the words “taxed in the trial court as costs of appeal” are of significant import. It distinguishes the bond in issue from a supersedeas bond. The State contends the bond did not “preserve rights pending appeal” as required by statute. Relying on Miss.Code Ann. § 99-35-115, it argues freedom from incarceration is at best “an extremely conditional privilege.” The statute states in pertinent part:
A person ... shall be entitled to be released from imprisonment on bail pending an appeal to the Supreme Court, within the discretion of the judicial officer, if the convict shows by clear and convincing evidence that release of the convict would not constitute any special danger....
Miss.Code Ann. § 99-35-115(2)(a) (Supp.1998).
¶4. Jones notes the language of § 99-35-115 as it appeared prior to July 1997 while his appeal was pending. He contends the statute establishes his freedom from incarceration as a right. It read in pertinent part:
(2) A person convicted of any felony other than those enumerated in subsection (1) of this section shall be entitled to be released from imprisonment on bail pending an appeal to the Supreme Court, except that the trial judge may deny bail to such person pending his appeal upon making a determination that the release of such person would constitute a special danger....
Miss.Code Ann. § 99-35-115(2)(1994). We have applied this statute and found a defendant was entitled to bail. Bumphis v. State, 405 So.2d 116, 118 (Miss.1981). Rule 7.03 of the Uniform Criminal Rules of Circuit Court Practice also controlled. It states in pertinent part:
A convicted defendant shall be entitled to be admitted to bail, pending an appeal in all cases except those in which the defendant has been sentenced to suffer death, or imprisonment for life.
In addition to this statute and rule, Mississippi Rule of Appellate Procedure 8 describes supersedeas bonds required for appeal and Rule 9 governs the denial or setting of bail.
¶ 5. As the state notes, there are distinctions between the two types of bonds though we have not addressed these distinctions in our jurisprudence. Lacking state law on this matter, we may look to federal court rulings for guidance. United Southern Bank v. Bank of Mantee, 680 So.2d 220, 223 (Miss.1996)(M.R.A.P.36(c) *299 com.). The United States Court of Appeals for the Ninth Circuit has recognized the distinction between a supersedeas bond and a bail bond as follows:
The rules of the Supreme Court and of the District Court relating to bail distinguish between the bail bond executed to secure the attendance of the defendant at trial and in satisfaction of the judgment on imprisonment and. a supersedeas bond whose purpose is to secure the payment of the fine.
Cain v. United States, 148 F.2d 182 (9th Cir.1945).
¶ 6. The Eighth Circuit has also distinguished bail bonds and supersedeas bonds. That court stated:
Supersedeas “is a suspension of the power of the court below to issue an execution on the judgment or decree appealed from; or, if a writ of execution has been issued, it is a prohibition emanating from the court of appeal against the execution of the writ.” (citations omitted.)....
Bail is to procure release of a prisoner by securing his future attendance. Bail and supersedeas are different.
United States v. St. Clair, 42 F.2d 26, 28 (8th Cir.1930).
¶ 7. The appellant’s decision to secure a bail bond did not preserve any “rights pending appeal” since we have previously recognized that he could have effectively appealed without the benefit of bail. We have stated:
[the defendant] is not entitled to an appeal on her mere affidavit that she is unable to give an appeal bond, or deposit sufficient money to pay the cost, unless the record shows that she is in custody, or unless she gives bail to surrender herself to the sheriff of the county to suffer the judgment or sentence, if it shall be affirmed by the Supreme Court....
Roberts v. Town of Port Gibson, 89 Miss. 75, 81, 42 So. 540, 541 (1907). A superse-deas bond, in contrast, is required to perfect various appeals. See, e.g., Miss.Code Ann. §§ 11-51-21, 11-51-39, 11-51-45, 11-51-47, 21-27-221, 37-45-51, 41-26-21, 41-67-29, 49-17-29, 41-17-41, 41-17-49, 53-1-39, 77-1-47, 81-12-25, 81-14-175.
¶ 8. Mississippi Rule of Appellate Practice 36 contemplates reimbursement for those costs required to preserve rights pending an appeal, and not for those the petitioner chooses to pay to secure his personal freedom after conviction in the trial court. In the absence of statutory language specifically creating liability for the government or state, we are hesitant to carve out new burdens although this Court has recently expanded the governmental burden in a civil context. See City of Jackson v. Williamson, 740 So.2d 818 (Miss.). The application of costs against the state is penal, and we have long held penal statutes must be read restrictively. Nelson v. City of Natchez, 197 Miss. 26, 19 So.2d 747 (Miss.1944); Hill v. Duckworth, 155 Miss. 484, 124 So. 641, 642 (Miss.1929). Jones exercised his option to pay bail at his own peril and for his own benefit. The bad bond was not a mandatory cost of appeal. Freedom from seizure of one’s person pending appeal is a valuable right, but it is a conditional right. The bail and bond rights attaching under constitutional and criminal law are not the same as the bonds contemplated by Rule 36. Although we do not fault the defendant for paying his bond and remaining free on appeal, we hold that M.R.A.P. 36(c) does not authorize the taxing as part of the costs in a criminal appeal the premium paid by a convicted defendant for a bad bond to secure his release on bail pending appeal. Therefore, the judgment of the Jackson County Circuit Court is affirmed.
¶ 9. AFFIRMED.
PITTMAN, P.J., SMITH, WALLER AND COBB, JJ., CONCUR.
BANKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PRATHER, C.J., SULLIVAN, P.J., AND McRAE, J.
*300 McRAE, J. DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BANKS, J.