# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-KA-01231-SCT

*ROBERT LEWIS JONES*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/15/97 |
| TRIAL JUDGE: | HON. JAMES W. BACKSTROM |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | HARRY M. YOSTE, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: PAT FLYNN |
| DISTRICT ATTORNEY: | DALE HARKEY |
| NATURE OF THE CASE: | CRIMINAL - OTHER |
| DISPOSITION: | AFFIRMED - 6/17/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/8/99 |

**EN BANC.**

**MILLS, JUSTICE, FOR THE COURT:**

**STATEMENT OF THE CASE**

¶1. Pending his appeal from a possession of marijuana conviction, appellant Robert Lewis Jones was released on $40,000 bail. To be released, he was required to pay a bail bondsman ten percent of the bail amount, a $4,000 fee. The Court of Appeals affirmed his conviction and we granted certiorari. This Court reversed and rendered the possession of marijuana conviction and taxed the state with the costs of appeal. *Jones v. State*, 693 So. 2d 375 (Miss. 1997). Jones then submitted his application for costs in which he listed the ten percent fee he paid the bail bondsman. In the Circuit Court of Jackson County, Circuit Judge James W. Backstrom denied the request for repayment of the $4000 cost to secure a bond. From the trial court's judgment, Jones appeals assigning the following issue as error:

> **WHETHER A SUCCESSFUL CRIMINAL APPELLANT IS ENTITLED TO RECOVER THE COST OF HIS BOND FOR BAIL ON APPEAL WHEN COSTS ARE AWARDED TO HIM BY THE MISSISSIPPI SUPREME COURT.**

**DISCUSSION**

¶2. This issue is one of first impression in Mississippi. Jones relies on Mississippi Rule of Appellate Procedure 36 which describes costs to be awarded on successful appeal and states:

> (c) **Costs on Appeal Taxable in Court Below.** Costs incurred in the preparation and transmission of the record, the costs of the reporter's transcript, if necessary for the determination of the appeal, the premiums paid for cost of *supersedeas* bonds or other bonds to preserve rights pending appeal, and the fee for filing the appeal shall be taxed in the trial court as costs of the appeal in favor of the party entitled to costs under this rule.

M.R.A.P. 36(c). Jones contends the term "other bonds to preserve rights pending appeal" applies in this situation to include his bail bond. He suggests he had a right to remain free from incarceration during his appeal to the Court of Appeals, and he contends he should be reimbursed for the amount of the bond posted to secure that right. Jones analogizes the bond in the instant case with a supersedeas bond.

¶3. The State responds that the payment to the bondsman was not paid "into court" and that the words "taxed in the trial court as costs of appeal" are of significant import. It distinguishes the bond in issue from a supersedeas bond. The State contends the bond did not "preserve rights pending appeal" as required by statute. Relying on Miss. Code Ann. §99-35-115, it argues freedom from incarceration is at best "an extremely conditional privilege." The statute states in pertinent part:

> A person . . . shall be entitled to be released from imprisonment on bail pending an appeal to the Supreme Court, within the discretion of the judicial officer, if the convict shows by clear and convincing evidence that release of the convict would not constitute any special danger. . . .

Miss. Code Ann. § 99-35-115(2)(a)(Supp. 1998).

¶4. Jones notes the language of § 99-35-115 as it appeared prior to July 1997 while his appeal was pending. He contends the statute establishes his freedom from incarceration as a right. It read in pertinent part:

> (2) A person convicted of any felony other than those enumerated in subsection (1) of this section shall be entitled to be released from imprisonment on bail pending an appeal to the Supreme Court, except that the trial judge may deny bail to such person pending his appeal upon making a determination that the release of such person would constitute a special danger . . . .

Miss. Code Ann. § 99-35-115(2)(1994). We have applied this statute and found a defendant was entitled to bail. ***Bumphis v. State***, 405 So. 2d 116, 118 (Miss. 1981). Rule 7.03 of the Uniform Criminal Rules of Circuit Court Practice also controlled. It states in pertinent part:

> A convicted defendant shall be entitled to be admitted to bail, pending an appeal in all cases except those in which the defendant has been sentenced to suffer death, or imprisonment for life.

In addition to this statute and rule, Mississippi Rule of Appellate Procedure 8 describes supersedeas bonds required for appeal and Rule 9 governs the denial or setting of bail.

¶5. As the state notes, there are distinctions between the two types of bonds though we have not addressed these distinctions in our jurisprudence. Lacking state law on this matter, we may look to federal court rulings for guidance. ***United Southern Bank v. Bank of Mantee***, 680 So. 2d 220, 223 (Miss. 1996)(M.R.A.P.

36(c) com). The United States Court of Appeals for the Ninth Circuit has recognized the distinction between a supersedeas bond and a bail bond as follows:

> The rules of the Supreme Court and of the District Court relating to bail distinguish between the bail bond executed to secure the attendance of the defendant at trial and in satisfaction of the judgment on imprisonment and a supersedeas bond whose purpose is to secure the payment of the fine.

*Cain v. United States*, 148 F.2d 182 (9th Cir. 1945).

¶6. The Eighth Circuit has also distinguished bail bonds and supersedeas bonds. That court stated:

> Supersedeas "is a suspension of the power of the court below to issue an execution on the judgment or decree appealed from; or, if a writ of execution has been issued, it is a prohibition emanating from the court of appeal against the execution of the writ." (citations omitted.) . . . .

> Bail is to procure release of a prisoner by securing his future attendance. Bail and supersedeas are different.

*United States v. St. Clair*, 42 F.2d 26, 28 (8th Cir. 1930).

¶7. The appellant's decision to secure a bail bond did not preserve any "rights pending appeal" since we have previously recognized that he could have effectively appealed without the benefit of bail. We have stated:

> [the defendant] is not entitled to an appeal on her mere affidavit that she is unable to give an appeal bond, or deposit sufficient money to pay the cost, unless the record shows that she is in custody, or unless she gives bail to surrender herself to the sheriff of the county to suffer the judgment or sentence, if it shall be affirmed by the Supreme Court . . .

*Roberts v. Town of Port Gibson*, 89 Miss. 75, 81 , 42 So. 540, 541 (1907). A supersedeas bond, in contrast, is required to perfect various appeals. *See, e.g.,* Miss. Code Ann. §§11-51-21, 11-51-39, 11-51-45, 11-51-47, 21-27-221, 37-45-51, 41-26-21, 41-67-29, 49-17-29, 41-17-41, 41-17-49, 53-1-39, 77-1-47, 81-12-25, 81-14-175.

¶8. Mississippi Rule of Appellate Practice 36 contemplates reimbursement for those costs required to preserve rights pending an appeal, and not for those the petitioner chooses to pay to secure his personal freedom after conviction in the trial court. In the absence of statutory language specifically creating liability for the government or state, we are hesitant to carve out new burdens although this Court has recently expanded the governmental burden in a civil context. *See [City of Jackson v. Williamson, 1999 WL 93609 (Miss.)](#)*. The application of costs against the state is penal, and we have long held penal statutes must be read restrictively. *Nelson v. City of Natchez*, 197 Miss. 26, 19 So. 2d 747 (Miss. 1944); *Hill v. Duckworth*, 155 Miss. 484, 124 So. 641, 642 (Miss. 1929). Jones exercised his option to pay bail at his own peril and for his own benefit. The bail bond was not a mandatory cost of appeal. Freedom from seizure of one's person pending appeal is a valuable right, but it is a conditional right. The bail and bond rights attaching under constitutional and criminal law are not the same as the bonds contemplated by Rule 36. Although we do not fault the defendant for paying his bond and remaining free on appeal, we hold that M.R.A.P. 36(c) does not authorize the taxing as part of the costs in a criminal appeal the premium paid by a convicted defendant for a bail bond to secure his release on bail pending appeal. Therefore, the judgment

of the Jackson County Circuit Court is affirmed.

¶9. **AFFIRMED.**

**PITTMAN, P.J., SMITH, WALLER AND COBB, JJ., CONCUR. BANKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PRATHER, C.J., SULLIVAN, P.J., AND McRAE, J. McRAE, J. DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BANKS, J.**

**BANKS, JUSTICE, DISSENTING**:

¶10. I am of the opinion that premiums paid to secure a bail bond while an appeal is pending, are costs expended to preserve rights pending appeal and as such are taxable as costs of appeal. Thus I respectfully dissent.

¶11. The majority concludes that a supersedeas bond is distinguishable from a bail bond in that a supersedeas bond is required to perfect various appeals while a bail bond is not a mandatory cost of appeal. This argument fails as an answer to Jones's claim for two reasons. First, our rule allows recovery for costs of, not only supersedeas bonds, but "other bonds to preserve rights pending appeal...." Miss. R. App. P. 36(c). Secondly, a supersedeas bond is not as easily distinguished from a bail bond as the majority asserts.

¶12. A supersedeas bond is only a requirement for an appeal where the appellant seeks to stay the judgment of the trial court pending appeal, Miss. R. App. P. 8(a), just as a bail bond is only required where the appellant seeks to remain free pending appeal. Miss. R. App. P. 9(b); UCCCR 12.01; Miss. Code Ann. § 99-35-115 (1994 & Supp. 1998). *See also*, **Loeb v. State**, 387 So. 2d 433, 435 (Fla. Ct. App. 1980) (bail bond is same as a supersedeas bond in the absence of a monetary judgment).

¶13. Rule 8(a) provides that a supersedeas bond is required to stay the execution of a money judgment pending appeal. However, the appellant could satisfy the trial court's judgment and take an appeal without giving a supersedeas bond. **Yazoo & Miss. Valley R. Co. v. Adams**, 78 Miss. 977, 985, 30 So. 44, 45 (1901) ("The statutory supersedeas operates only upon the process of the court; it stays execution, and that is its only office. In all other respects an appeal is as operative without as with a supersedeas." (quoting **Cohn v. Lehman**, 6 S.W. 267, 271 (Mo. 1887))); **Quintana v. Knowles**, 827 P.2d 99, 97 (N.M. 1992) (supersedeas bond only necessary if appellant wants to maintain the status quo during the pendency of the appeal); **United States v. United Funding & Investors, Inc.**, 800 F.Supp. 879, 882 (E.D. Cal. 1992) (supersedeas bond only required upon an appellant's motion to stay).

¶14. The majority cites a number of statutes in support of the proposition that a supersedeas bond is required to perfect various appeals. However, the comment to Rule 8 points out that:

> [w]hen the judgment is not a money judgment, the court may, but is not required to, follow the practice of statutes supplanted by this rule, *e.g.* now-repealed Miss. Code Ann. § 11-51-35 (Supp. 1986) (double one year's rent to stay execution of a writ of possession in ejectment); § 11-51-39 (Supp. 1986) (double value of real state to be surrendered); now-repealed § 11-51-41 (1972)

(double value of real estate or charges on real estate).

The statutes cited by the majority are no longer the law as to when a supersedeas bond is required as a prerequisite to an appeal with supersedeas.

¶15. The majority further relies on *Cain v. United States*, 148 F.2d 182 (9th Cir. 1945), and *United States v. St. Clair*, 42 F.2d 26, 28 (8th Cir. 1930), to support its conclusion that a bail bond is distinguishable from a supersedeas bond and as such is not a cost to be taxed on appeal under the Rule. Although both *Cain* and *St. Clair* held that a bail bond is different from a supersedeas bond, neither of those cases dealt with the issue currently before the Court. *Cain* dealt with the issue of whether bail is excessive where the trial court orders that the bail bond is also to serve as supersedeas for a fine. *St. Clair* dealt with the issue of whether a bail bond which included a supersedeas clause was obtained without consideration where the form used was prepared and required by the court. A bail bond and a supersedeas bond are different because they protect different rights. However, the fact remains that they are both used to preserve rights pending appeal -- which is the determinative issue in deciding whether to tax the cost of a bond on appeal.

¶16. The supersedeas bond insures that both the appellant's and the appellee's interest in the subject of the suit will be protected during the pendency of the appeal. *Quintana*, 827 P.2d at 97-98 (supersedeas bond maintains status quo and compensates successful appellee for damages incurred during appeal and allows appellee to recover without additional litigation). If the appellant is successful on appeal, she will not have to suffer the expense and bother of trying to recover the subject of the suit from the appellee. And, on the other hand, if the appellee is successful on appeal, she is insured that the judgment will be satisfied without having to seek to recover for damages, waste or interest which accrued during the pendency of the appeal. *Id.*

¶17. Similarly, the bail bond protects the rights of both the State and the defendant. Jones obtained a bail bond prior to July 1, 1997. Therefore, Jones was entitled to bail pending his appeal under the 1994 version of Miss. Code Ann. § 99-35-115, which provides that:

> (2) A person convicted of any felony other than [treason, murder, rape, arson, burglary or robbery] shall be entitled to be released from imprisonment on bail pending an appeal to the Supreme Court, except that the trial judge may deny bail to such person pending his appeal upon making a determination that the release of such person would constitute a special danger to any other person or to the community or that no condition or combination of conditions will reasonably assure the appearance of the person as required. . . .

By requiring the defendant to post a bail bond the State is reasonably assured that if it is successful on appeal, its right to have the defendant subjected to the custody of the State is protected. *In re Allied Fidelity Insurance Co.*, 664 P.2d 1322, 1324 (Wyo. 1983) ("purpose of bail is to insure defendant's presence at court proceedings without excessively restricting his or her liberty...."). The defendant, on the other hand, is assured that he remains free from incarceration while the appeal is pending. *Id.*

¶18. In my view, under the clear wording of our Rule allowing the cost of "bonds to preserve rights pending appeal," a criminal defendant whose conviction is overturned on appeal is entitled to have the premiums paid to secure a bail bond taxed against the State as a cost of the appeal.

**PRATHER, C.J., SULLIVAN, P.J., AND McRAE, J., JOIN THIS OPINION.**

**McRAE, JUSTICE, DISSENTING:**

¶19. Because our Mississippi Rules of Appellate Procedure do not distinguish between civil and criminal cases and because a defendant's liberty is more important than a civil judgment, I dissent.

¶20. Mississippi Rule of Appellate Procedure 36(c) provides as follows:

> (c) **Costs on Appeal Taxable in Court Below.** Costs incurred in the preparation and transmission of the record, the costs of the reporter's transcript, if necessary for the determination of the appeal, **the premiums paid for cost of** *supersedeas* **bonds or other bonds to preserve rights pending appeal,** and the fee for filing the appeal shall be taxed in the trial court as costs of the appeal in favor of the party entitled to costs under this rule.

(emphasis added).

¶21. The rule does not distinguish between bond in civil cases from that in criminal; nor should it. A defendant who loses a criminal case loses his liberty. A bail bond secures his right to freedom pending appeal just as a *supersedeas* bond preserves a civil appellant's right to maintain the status quo until such time as his appeal can be decided. A person's liberty is at least as important as an appeal with *supersedeas.*

¶22. Jones is correct when he argues that at the time of his conviction he had a right to bond pending appeal unless the trial court determined that he was a special danger. Miss. Code Ann. § 99-35-115 (1994). This is at least as much of a "right" as that accorded by our provisions allowing for the appeal of civil cases with *supersedeas.*

¶23. Moreover, the majority states that Rule 36 applies only to those costs "required to preserve an appeal." But since when is *supersedeas* **required** to preserve an appeal?

¶24. The majority's attempt to distinguish a *supersedeas* bond from a bail bond on the grounds that the former "is made payable to the opposite party and approved by the clerk of the trial court" while the criminal defendant pays his money to a third party (a bail bondsmen) is disingenuous. In both instances, the bond is typically underwritten by a surety company and made payable to the opposite party (in criminal cases, the state is the opposite party). Indeed, Miss. Rule of Appellate Procedure 8(a) governing *supersedeas* bonds expressly recognizes the role of the surety.[1] (Likewise, Miss. Code Ann. § 99-35-117 (1994) provides for a bail bond with sureties which are approved by the clerk and the judge or sheriff.) Thus, there can be no differentiating the *supersedeas* bond from the bail bond on the grounds that one is paid to a third party and the other is payable to the opposite party. Both are payable to the opposite party, and both are typically paid to a third party although, in either case, the appellant could put up the entire amount himself.

¶25. Inasmuch as the majority has provided no real reason for distinguishing between bonds posted in a civil appeal from those pledged in a criminal appeal, I have no choice but to dissent.

**BANKS, J., JOINS THIS OPINION.**

1. Miss. R. App. P. 8(a) reads, in pertinent part: "Stay by Clerk's Approval of *Supersedeas* Bond. The appellant shall be entitled to a stay of execution of money judgment pending appeal if the appellant gives a *supersedeas* bond, payable to the opposite party, with **two or more sufficient resident sureties, or one or more guaranty or surety companies authorized to do business in this state . . . .**" Miss. R. App. P. 8(a)(emphasis added).