## STATE OF MISSISSIPPI *v.* THOMAS WILEY.

CRIMINAL LAW. *Profanity. Code* 1892, § 1219. *Name of deity.*

It is not absolutely necessary to constitute profanity that the name of the deity should be used.

FROM the circuit court of Union county.

HON. Z. M. STEPHENS, Judge.

Thomas Wiley, the appellee, defendant in the court below, was indicted for violating § 1219, code 1892, which section is in these words: "If any person shall profanely swear or curse or be drunk in any public place, in the presence of two or more persons, he shall, on conviction thereof, be fined not more than ten dollars for each offense."

Upon a trial before a jury, the evidence was conflicting as to whether the accused said of and to the Rev. Mr. Stroup, "You are a God-damned rascal and a God-damned liar," or simply, "You are a damned rascal and a damned liar." In other respects the case for the prosecution was well made out. At the conclusion of the evidence, the state asked the court to instruct the jury that if they believed from the evidence that defendant used either form of expression, then his utterance was profane. This the court below declined to do, but modified the instruction by erasing the latter form of expression, giving the charge as modified. The defendant was acquitted, and the state appealed, as provided for by code of 1892, § 39, paragraph 2.

Argued orally by *Wiley N. Nash*, attorney-general, for appellant. No counsel appeared for the appellee.

WHITFIELD, J., delivered the opinion of the court.

The court erred in striking out the words set out as having been stricken from the instruction for the state. Says the court

in *Gaines* v. *State*, 40 Am. Rep., 64, 65, through the learned Judge Cooper: "It is not absolutely necessary that the name of the deity should be used"—that is, to constitute profanity—"any words importing an imprecation of divine vengeance, or implying divine condemnation, so used as to constitute a public nuisance, would suffice." Citing cases. See, to the same effect, 2 Bish. New Crim. Law, sec. 79 (1), and 2 Am. & Eng. Enc. Law (1st ed.), p. 424, the note where the authorities are collated. The very words here stricken out were held to constitute profanity in *Holcomb* v. *Cornish*, 8 Conn., 375.

The court, therefore, erred in its holding as to what constituted profanity.