ROSA SANFORD *v.* STATE OF MISSISSIPPI.

[44 South., 801.]

CRIMINAL LAW AND PROCEDURE. *Blasphemy. Code* 1906, § 1295. *Profane swearing.*

Code 1906, § 1295, making it a misdemeanor to "profanely swear or curse in any public place in the presence of two or more persons," is not violated by the use of the words, "Go to hell, you low down devils."

FROM the circuit court of Alcorn county.

HON. EUGENE O. SYKES, Judge.

Sanford, appellant, a negro girl, was convicted by the municipal court of profanely swearing in a public place in the city of Corinth in the presence of two or more persons, a misdemeanor, and appealed to the circuit court; being again tried there, convicted and fined, she appealed to the supreme court.

The opinion of the court states the facts.

*Lamb & Johnston,* for appellant.

"Profane or public swearing is a nuisance at common law, but to be indictable, it must be in a public place to constitute an annoyance to the public." 4 Am. & Eng. Enc. of Law (2d ed.), 581.

Some courts hold that a single act of profanity, in the absence of aggravating circumstances, does not constitute a nuisance and is not indictable at common law. The profane language

must be repeated, or must be accompanied by aggravating cir-cumstances. *Young* v. *State,* 10 Lea (Tenn.), 167; *Gaines* v. *State,* 40 Am. Rep., 64; *Goree* v. *State,* 71 Ala., 7; Bishop's New Crim. Law, vol. 2, p. 48.

Code 1906, § 1295, under which the affidavit against appel-lant was drawn, is based upon the common law idea and prin-ciple that profanity in a public place is a nuisance because of its tendency to corrupt public morals and to undermine the Christian religion which is so essential to the happiness and welfare of man; but the offense under this statute differs from the common law offense, in that it is not necessary for the profane language to be repeated. A single act of profanity is sufficient to constitute the crime. But the language used by appellant, even though often repeated, and with aggravating circumstances, would not constitute a nuisance at common law, nor is it indictable under our statute unless the words used are, in fact, profane. No matter how inelegant the expression may seem, nor how harshly it may grate on the sensibilities of refined people, unless the person using the language puts into it something that amounts to profanity, he has committed no offense under the statute. In this case the language used did not constitute the offense of profanely swearing and cursing in a public place.

While we recognize and commend the law laid down in the case of the *State* v. *Wiley,* 76 Miss., 282, s.c. 24 South., 194, defining profanity and holding that " it is not absolutely neces-sary that the name of Deity should be used to constitute the of-fense of profanity," and that " any words importing an impre-cation of Divine vengeance or implying Divine condemnation " would make the offense complete; we contend that the words used by appellant, " Go to hell, you low-down devils," are not such as import an imprecation of Divine vengeance, or imply Divine condemnation from any reasonable or fair inference which might be drawn from such expression. The expression " words importing an imprecation of Divine vengeance, or im-

plying Divine condemnation," as used in the *Wiley case, supra,* when reduced to its simplest form, means no more nor less, than when the words used means a prayer that the curse, or the calamity of God's vengeance, may fall upon the person against whom it is directed; or that the words used contain in substance, or by fair inference, a visitation of God's curse. And, if our understanding of the rule of law in that case be correct, we fail utterly to see anything in the expression used by the appellant, which can be construed into a prayer that God's curse, or the calamity of his vengeance, might fall upon the persons against whom it was uttered, or that calls for a visitation of God's curse upon them.

We can see in the expression no prayer for a curse, nor an imprecation of Divine vengeance, and for this reason we submit that the expression " Go to hell " is no more profanity, than such expressions as " Go to blazes," " Go to Halifax," etc., and hundreds of other such expressions which assail the ear, and grate upon the sensibilities every hour of the day. It is deplorable that the use of such expressions is so universally widespread as to amount to a nuisance, in fact, if not an indictable nuisance in law; but at the same time, such expressions are not violations of our statute against profanely swearing or cursing however reprehensible they may be from a standpoint of morals.

There is a decided difference between the language used in the case at bar and the *Wiley case,* for, in the last named case, the words, " You are a damned rascal and a damned liar," are undoubtedly profane. Webster defines the word " damn " in one of its senses to mean a " word used in profaneness," hence such language as that quoted above makes out the offense to profanely curse, while, in the case at bar, the profane words are totally lacking and no fair inference can be drawn from the language used that a visitation of God's curse is invoked.

This little negro girl should have been punished by those in authority over her for the use of such language towards the

girls addressed, even though they brought it on themselves by abusing and upbraiding her for something which she did not intend to do, but she should not have been convicted for " profanely swearing or cursing." For the reasons assigned, we think that this case should be reversed and dismissed.

*George Butler,* assistant attorney-general, for appellee.

The only question in this case is, whether or not the words used by appellant constitute profane swearing within the meaning of Code 1906, § 1296.

" Any words importing an imputation of Divine vengeance or implying Divine condemnation so used as to constitute a public nuisance would suffice." *State* v. *Wiley,* 76 Miss., 282, s.c. 24 South., 194.

The word, " profane," means " irreverent, impious." The word, " curse," means " evil pronounced or invoked upon another solemnly or in passion; subjection to or sentence of Divine condemnation."

It is certainly true that no one can consign or condemn individuals to hell save the Deity, and the words used by appellant are tantamount to a condemnation through Divine imprecation; for it must be admitted by all, that under our many theories of religion no spirits go to hell save such as are damned, and none can be damned save by the Deity.

CALHOUN, J., delivered the opinion of the court.

Rosa Sanford was convicted under § 1295, Code 1906, which makes it a penal offense for any one to " profanely swear or curse in any public place in the presence of two or more persons." All the facts are that she was twelve years old, and " accidentally brushed against two other girls, and, upon being soundly abused and upbraided by them for her carelessness, said to them in a public place on a street in the city of Corinth, ' Go to hell, you low-down devils.' "

We cannot invoke the doctrine, " *De minimis non curat lex.*"

The learned judge below, we think, would have been glad to do this; but, under a proper rule of solving doubts of law in favor of the state, he has thrown the tremendous responsibility of adjudication upon us. The language does not violate the statute, since, upon strict construction, which is required of the court, it lacks any " imprecation of divine vengeance " and does not " imply divine condemnation." *State* v. *Wiley,* 76 Miss., 282; 24 South., 194; 71 Am. St. Rep., 531. There was simply a rude request or order to go to hell, with no necessity to obey, no power to enforce obedience, and no intimation that the irresistible Power had condemned, or was invoked to condemn, them to go to hell.

*Reversed and remanded.*

