ORF *v.* STATE.*

(In Banc.    June 6, 1927.    Suggestion of Error Overruled June 23, 1927.)

[113 So. 202.    No. 26430.]

BLASPHEMY.    *Defendant stating while standing in church door after Sunday school, "Well, the 'damn' thing is done broke up," held guilty of "profanity" (Hemingway's Code, section 1028).*

Defendant, standing in church door at time Sunday school was being dismissed and stating, "Well, the damn thing is done broke up," *held* guilty of profanity under Hemingway's Code, section 1028 (Code 1906, section 1295); "damn" meaning to invoke condemnation, curse, swear, condemn to eternal punishment, or consign to perdition.

*Corpus Juris-Cyc References: Damn, 17CJ, p. 1123, n. 7 New; Profanity, 32Cyc, p. 578, n. 3; p. 579, n. 14.    Definition and essential elements of blasphemy and profanity, see annotation in 22 L. R. A. 353; 14 A. L. R. 880; 4 R. C. L. pp. 39, 40; 4 R. C. L. Supp. 248.

APPEAL from circuit court of Alcorn county.

HON. C. P. LONG, Judge.

Ulysses Orf was convicted of the crime of profanity, and he appeals.    Affirmed.

*Friday & Windham,* for appellant.

Does the word *damn per se* constitute profane cursing and swearing?    The trial court's contention that it does and appellant's contention that it does not have lead to this appeal.    The trial court permitted this case to go to the jury under the authority of *Wiley* v. *State,* 76 Miss.

282. The Wiley case fails to support the lower court's contention and negatives the idea that the word *damn* constitutes profanity *per se.*

Our statute, section 1295, Code of 1906 (section 1028, Hemingway's Code) merely prescribes the penalty for profanity. It does not attempt to define the offense, so we think it will be conceded that the statute makes no change in the rules governing the offense at common law and all the rules governing the offense at common law are applicable under the statute.

Profane swearing in itself is not an indictable offense, but is only indictable when it amounts to a public nuisance. For this reason it is universally held that as a rule a single act of profane swearing is insufficient to constitute the offense. It is also universally held that as a rule to constitute the offense there must be more than a single word or expression. See 4 R. C. L., pages 40-41, paragraph 4; *Morrison* v. *State,* 118 S. W. (Tex.) 54; *State v. Baldwin,* 18 N. C. 195. In any event where the name of the Deity is not used, the words spoken must import an imprecation of divine vengeance or invoke divine condemnation and be so used as to constitute a public nuisance. Whether the words were so used is a question for the jury under a proper charge. *Young* v. *State,* (Tenn.) 10 Lea 165.

Pray tell us, what was Almighty God called upon to condemn? And what evidence do we have to show that these words constituted a public nuisance? The evidence shows that appellant was speaking of an immaterial, non-existent thing. He was not angry when the words were spoken nor was the public disturbed by the alleged remark. And while the alleged words cannot be approved by the courts, still, fortunately for appellant, they are insufficient to warrant the courts in labeling their author a criminal.

*James W. Cassedy, Jr.,* Special Agent, for the state.

The evidence shows that Ulyses Orf was standing on the steps of Union Church in the presence of two or

more persons and at a time when Sunday school was just being dismissed when he was heard to say "The damn thing is broke, boys." There was no testimony for the defendant.

*Wiley* v. *State,* 76 Miss. 282, holds, "It is not absolutely necessary that the name of the Deity should be used," —that is, to constitute profanity—"any words importing an imprecation of divine vengeance, or implying divine condemnation, so used as to constitute a public nuisance would suffice."

*Sanford* v. *State,* 91 Miss. 158, holds that the words, "Go to hell, you low-down devils" does not violate the statute since upon strict construction, which is required of the court, it lacks any "imprecation of divine vengeance" and does not "imply divine condemnation." See, also, section 1028, Hemingway's Code.

These words complained of were said in a public place in the presence of two or more persons. Then according to Webster's definition of *profanity,* the word *äamn* was used profanely in a sentence "treating sacred things with contempt, disrespect, and irreverence," for our Sunday School is surely as sacred as any part of our church and religion. I think that this is a question for the jury to determine from the demeanor of the witnesses. The jury has decided. The members of the jury are qualified to determine whether or not this language was used in such manner, in reference to such things, in such tone of voice, that they could easily say whether or not the words were profanely swearing and cursing or not. In this case the appellant was found guilty and I do not think that this court will reverse this finding of fact by the jury. 4 Am. & Eng. Enc. of Law (2 Ed.), page 581.

I think that the evidence is sufficient to show that these words used were a nuisance when shown to have been said in a profane manner in a public place, such as this church.

ANDERSON, J., delivered the opinion of the court.

Appellant was convicted in the circuit court of Alcorn county of the crime of profanity, and sentenced to pay a fine of fifty dollars and costs. From that judgment he prosecutes this appeal.

In a public place, namely, at one of the doors entering Union Church, with one of his hands resting on the facing of the door, at a time when Sunday school was being held in the church and those in attendance were standing to be dismissed, appellant, in the presence of more than one person (referring to the fact that the Sunday school was being dismissed), used the following language: "Well, the damn thing is done broke up."

The question is whether, under section 1295, Code of 1906 (section 1028, Hemingway's Code), appellant was guilty of the crime of profanity as denounced by that statute. The statute provides that, if any person shall profanely swear or curse, or use vulgar or indecent language, or be drunk in any public place, in the presence of two or more persons, he shall, on conviction thereof, be fined not more than one hundred dollars.

In *State* v. *Wiley,* 76 Miss. 282, 24 So. 194, 71 Am. St. Rep. 531, the defendant was indicted under section 1219, Code of 1892, which provided that, if any person should profanely swear or curse in any public place, in the presence of two or more persons, he should, on conviction, be fined not more than ten dollars for each offense. In the Wiley case, the court held that the statute was violated by the use by the defendant, in a public place, before more than one person, of the language, "You are a damn rascal and a damn liar." The court said in that case that it was not absolutely necessary, in order to constitute a violation of the statute, that the name of the Deity should be used; that profanity consisted of any words importing an imprecation of Divine vengeance, or implying Divine condemnation, so used as to constitute a public nuisance. In *Sanford* v. *State,* 91 Miss. 158, 44 So. 801,

the same statute was involved. The language used by the defendant, as constituting a violation of the statute, was, "Go to hell, you low-down devils." The court held that the statute was not violated, because the language used by the defendant lacked the imprecation of Divine vengeance, and did not imply Divine condemnation. The holding in the Wiley case was not modified by the court in that case; on the contrary, it was referred to with approval.

In the definition of "damn," given in Webster's Dictionary, are:

"To invoke condemnation; to curse; to swear; to invoke condemnation upon; to condemn to eternal punishment in a future world; to consign to perdition."

We think the Wiley case is decisive of the question here involved in favor of the holding of the trial court. We think the language "Well, the damn thing is done broke up" (referring to the Sunday school being held in the church), implied Divine condemnation, and was "so used as to constitute a nuisance."

*Affirmed.*

HOLDEN and COOK, JJ., dissenting.