42 So.2d 640

**THOMPSON v. STATE.**

**8 Div. 771.**

Court of Appeals of Alabama.
July 19, 1949.

Rehearing Denied Aug. 15, 1949.

Kennedy Williams and Williams & Williams, of Russellville, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant has been convicted in the Law and Equity Court of Franklin County of the offense of public drunkenness.

The tendency of the State's evidence in its strongest aspect may well be summarized by the following excerpt from State's witness L. E. Kent, the officer who arrested appellant:

"Q. Where did you first see him? A. Coming down the highway before he got to the garage.

"Q. What was his condition? A. He was staggering all over the place. He hol-

lered something when I passed in the car. I didn't understand what, something. I went up as quick as I could and turned around.

"Q. Did you stop and talk to him? A. No sir, not at that time. I went up and turned around and drove back, and when I got back he had went in the garage, and was hunkered down over in the corner. I says, 'Thompson, you are drunk again,' and he says 'Hell, no, no such thing.' He was so drunk he could not stand up."

Section 120, Title 14, Code of Alabama 1940, provides: "Any person who, while intoxicated or drunk, appears in any public place where one or more persons are present, or at or within the curtilage of any private residence, not his own, where one or more persons are present, and manifests a drunken condition by boisterous or indecent conduct, or loud and profane discourse, shall, on conviction, be fined not less than five nor more than one hundred dollars to be paid in money only."

■ The constituent elements of the offense of public drunkenness are: (1) that the person accused, at the time complained of, was intoxicated or drunk; (2) that, while so intoxicated or drunk, he appeared at a public place where one or more persons were present, and (3) manifested a drunken condition by boisterous or indecent conduct, or loud and profane discourse. Tatum v. State, 32 Ala.App. 128, 22 So.2d 350; Pettus v. State, 26 Ala.App. 347, 159 So. 502.

■ A mere "staggering" by a drunken accused is not sufficient to establish this offense in the absence of one or more of the elements above enumerated manifesting his drunken condition, that is evidence that the accused was boisterous or indecent in his conduct, or loud and profane.

We find nothing in the State's evidence tending to reasonably establish that the accused was on this occasion boisterous or indecent. Certainly the fact that accused "hollered something" at Mr. Kent as he passed in his car, which Mr. Kent did not understand, though within 25 feet of the accused cannot reasonably be said to be boisterous or indecent.

■ We next consider whether the evidence tends to show that this accused's conduct was loud and profane. If this element is present it must be inferred from appellant's answer "Hell no, no such thing" when charged by Kent with being drunk again.

This conversation took place in a garage. The record is completely lacking in evidence tending to show it was loud.

This aside, as a matter of law it cannot be considered profane.

■ The term "profane" has been defined as irreverent toward God or holy things; speaking or spoken, acting or acted, in manifest or implied contempt of sacred things; blasphemous; as, profane swearing. It has also been further defined as "any words importing an imprecation of divine vengeance." Duncan v. United States, 9 Cir., 48 F.2d 128, 133; Holcomb v. Cornish, 8 Conn. 375; see also Vol. 34 Words and Phrases, Perm.Ed., under Profane; Profanity, page 199, for numerous other cases.

It is to be noted that the Supreme Court of Mississippi has held that the words "Go to hell, you low-down devils," was not a violation of a statute making it an offense to " 'profanely swear or curse in any public place in the presence' of others," since the language does not imprecate divine vengeance nor imply divine condemnation. Sanford v. State, 91 Miss. 158, 44 So. 801; Words and Phrases, supra.

■ As to whether this appellant's conduct is violative of proper conduct in a social sense is not the question before us, but rather whether the evidence submitted by the State is sufficient to establish a violation of Section 120, supra. For the reasons set forth above, it is our opinion that this evidence fails to establish under the required rule the essential elements necessary to support the judgment of guilty rendered in this case. The cause must therefore be reversed and remanded. It is so ordered.

Reversed and remanded.

BRICKEN, P. J., not sitting.