Violation of the Alabama Uniform Controlled Substances Act; three years.
Madison County Sheriff's Investigator Wayne Johnson testified that on August 1, 1980, he observed a 1970 Mustang automobile run off the side of the road and hit a sign. When Johnson stopped to investigate the incident he observed appellant sitting inside on the front passenger seat of the vehicle. Later, according to Johnson, appellant voluntarily got out of the vehicle. At that time, Johnson smelled alcohol on appellant, noticed appellant's eyes were bloodshot, and saw appellant stagger or lean against the Mustang. Johnson stated that, in his opinion, appellant was intoxicated.
Officer Richard Neumeyer of the Huntsville Police Department participated in the investigation of the accident. He also gave his opinion that appellant was intoxicated. Neumeyer arrested appellant for public intoxication and took him to the city jail. There appellant was searched and seven pills containing diazepam, a controlled substance, were found hidden in his sock.
At the conclusion of the State's case, appellant moved to exclude the evidence arguing, as he had done earlier during a motion to suppress the evidence, that the search violated his Fourth Amendment rights because it was not incident to a lawful arrest. He maintains that there was no evidence to support a charge of public intoxication and, failing that, there was no justification for the ensuing search. Appellant's motion was overruled and he called two witnesses in his behalf, one of whom was Mike Hall, the driver of the vehicle in which appellant was a passenger.
Hall testified that neither he nor the appellant got out of the car voluntarily, that he was directed to step out by Investigator Johnson, and that the appellant was helped from the vehicle by both Johnson and Officer Neumeyer.
After all the evidence was heard, the State introduced, as justification for the arrest, Huntsville City Ordinance § 4-20 stating, "It shall be unlawful for any person to be found on any street or other public place within the city or its police jurisdiction in a state of drunkenness." Appellant *Page 477 
objected to the introduction of the ordinance on the grounds that (1) he had been arrested for the State law violation of public intoxication pursuant to Ala. Code § 13A-11-10 (1975), rather than for the municipal offense of drunkenness, and (2) even if he was arrested for the latter, the city ordinance was unconstitutional because it was in conflict with the State statute.
 I
Appellant was neither charged with nor prosecuted for the intoxication offense. The State merely asserts that appellant's intoxication provided the basis for a valid arrest and a subsequent valid search.
It is clear that a police officer may conduct a warrantless search of a person legally arrested in order to determine the presence of a weapon or evidence which might be easily destroyed. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 889,20 L.Ed.2d 917 (1968); Foy v. State, Ala.Cr.App., 387 So.2d 321
(1980). In order for the accompanying search to be valid, the underlying arrest must be lawful. Henry v. United States,361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959).
Under the authority of § 15-10-3 (1), Code of Alabama 1975, a law enforcement officer may arrest a person for "[A]ny public offense committed or a breach of the peace threatened in his presence."
Section 13A-11-10, Code of Alabama 1975, provides the following:
 "A person commits the crime of public intoxication if he appears in a public place under the influence of alcohol, narcotics or other drug to the degree that he endangers himself or another person or property, or by boisterous and offensive conduct annoys another person in his vicinity."
The testimony of the arresting officer affirmatively showed that, although appellant was drunk, he was not endangering himself, another person or property, and he was not boisterous, offensive or annoying. Under these circumstances, the elements of the State offense of public intoxication were not met. Mere drunkenness or staggering is not sufficient under that statute. See Thompson v. State, 34 Ala. App. 608, 42 So.2d 640, cert. denied, 253 Ala. 63, 42 So.2d 642 (1949); Ala. Code § 13A-11-10
(1975) (Commentary).
While the facts of the present case do not establish that appellant committed an offense under § 13A-11-10, supra, in the presence of the officers they do indicate that appellant violated Huntsville city ordinance § 4-20. The testimony of appellant's witnesses and of Officer Neumeyer showed, without dispute, that appellant was intoxicated. Taken in the light most favorable to the State, the evidence also established that appellant was voluntarily outside the vehicle on a public street. Thus, appellant's intoxication in a public place constituted the offense prohibited by ordinance § 4-20 and gave Officer Neumeyer cause to arrest him. The ensuing search was therefore valid. See United States v. Robinson, 414 U.S. 218,94 S.Ct. 467, 38 L.Ed.2d 427 (1973); Gustafson v. Florida,414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973).
Appellant contends that the municipal ordinance is in conflict with the State statute, and therefore unconstitutional, because the local act prohibits merely being in a state of drunkenness, whereas the State offense requires some manifestation of endangering or annoying conduct in addition to intoxication.
Initially we note that appellant's arrest under the local ordinance and his later search incident to that arrest would have been valid even if the Huntsville law were now deemed unconstitutional by this court. See Michigan v. DeFillippo,443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). In DeFillippo, supra, the United States Supreme Court determined that an arrest under a "presumptively valid" city ordinance, which was later declared unconstitutionally vague, did not undermine a search incident to the arrest.
In our judgment, however, the Huntsville law is not in conflict with the State statute. A municipality has the *Page 478 
authority to enact ordinances pursuant to its police powers,Ott v. Moody, 283 Ala. 288, 216 So.2d 177 (1968); Smith v. Townof Notasulga, 257 Ala. 382, 59 So.2d 674 (1952), as long as the ordinances are consistent with the general laws of the State. Ala. Const., Art. IV, § 89 (1901); Ala. Code § 11-45-1 (1975).
Whether an ordinance is inconsistent with the general law of the State is to be determined by whether the municipal law prohibits anything which the State law specifically permits. See Leu v. City of Mountain Brook, Ala.Cr.App., 386 So.2d 483, cert. denied, Ala., 386 So.2d 488 (1980); Atkins v. City ofTarrant City, Ala.Cr.App., 369 So.2d 322 (1979). See alsoAtchley v. State, Ala.Cr.App., 393 So.2d 1034 (1981); Plump v.City of Birmingham, Ala.Cr.App., 385 So.2d 1349, cert. denied, Ala., 385 So.2d 1351 (1980).
An ordinance which merely enlarges upon the provision of a statute by requiring more restrictions than the statute requires creates no conflict unless the statute limits the requirement for all cases to its own terms. Plump v. City ofBirmingham, supra; Smith v. Town of Notasulga, supra; City ofBirmingham v. West, 236 Ala. 434, 183 So. 421 (1938).
In the case before us, Huntsville's ordinance does not contravene a State law; it does not, by its terms, prohibit something which the corresponding State statute affirmatively allows. Compare Atkins v. City of Tarrant City, supra (local drunk passenger ordinance inconsistent with State statute specifically exempting "passengers" from its proscription).
We therefore hold that the appellant's arrest and search were valid. His motion to suppress the evidence was correctly overruled, and his requested charges numbered 1 through 12 dealing with public intoxication were properly refused.
 II
Appellant also maintains that the State did not introduce evidence to show that diazepam is a controlled substance.
Section 20-2-20 of the Code of Alabama 1975, authorizes the State Board of Health to add to, delete, or reschedule controlled substances. The rules and regulations adopted by the Board have the force and effect of law, Ala. Code § 22-2-2 (6) (1975), and are properly the subject of judicial notice by the courts of Alabama, Cassell v. State, 55 Ala. App. 502,317 So.2d 348 (1975). The trial court properly took judicial notice of the fact that diazepam appears on revised Schedule IV (c) of the Alabama controlled substances list and the State was not required to introduce proof to that effect. See also Commanderv. State, Ala., 374 So.2d 921 (1979); Elmore v. State, Ala.,348 So.2d 269 (1977); Gamble, McElroy's Alabama Evidence § 482.01 (3d ed. 1977).
 III
Appellant contends that the State did not show an unbroken chain of custody of the pills found in his sock after the arrest.
Investigator Wayne Johnson testified that on August 1, 1980, he removed a plastic bag, containing five blue and two white pills, from appellant's sock at the Madison County Jail. The same day, Johnson turned the evidence, in the same condition, over to Officer Roger Toles of the Huntsville Police Department. Officer Toles stated that on August 5, 1980, he removed the pills from the plastic bag, placed them in a sealed and initialed envelope, and delivered the envelope to Ms. Martha Odom of the State Toxicology Lab in Huntsville.
Ms. Odom testified that she received the envelope from Toles on August 5, placed it in her locked evidence locker until August 28, 1980, and then opened it and conducted an analysis of the pills inside. Her analysis revealed the presence of diazepam. She then resealed the container and turned it over to the Huntsville property custodian for storage until use at trial.
Appellant asserts that because the Huntsville property custodian did not testify regarding the disposition of the envelope after he received it, there was a break in the *Page 479 
chain of custody which rendered the evidence inadmissible.
The purpose of establishing a chain of custody is to show a reasonable probability that there has been no tampering with the item of evidence. Williams v. State, Ala.Cr.App.,375 So.2d 1257, cert. denied, Ala., 375 So.2d 1271 (1979). Each link in the chain of custody here, from appellant through the toxicologist, was firmly established. The State presented "ample assurance of the authority of the evidence," Yarber v.State, Ala., 375 So.2d 1231 (1979), up to and including the time when the pills were tested. That is all that the law requires. See Taylor v. State, Ala.Cr.App., 372 So.2d 387
(1979).
Appellant's objection, based on what happened to the pills after Ms. Odom completed her analysis, was due to be overruled since any tampering with the evidence after it had already been tested and determined to be contraband, would have been immaterial.
Oftentimes in narcotics cases the physical evidence is transformed, or even consumed, by the toxicologist's testing procedure; therefore the State cannot be required to account for the condition of the residue. Thus, the law is concerned with tracing the integrity of the substance only up through the completion of the analysis. In the present case, any tampering with the evidence by the Huntsville property custodian, which we deem a "remote possibility," see Mauldin v. State, Ala.Cr.App., 402 So.2d 1106 (1981), would not have affected Ms. Odom's conclusion that the pills contained a controlled substance and would not have invalidated the chain of custody.
We have searched the record and have found no error; the judgment and conviction of the Madison Circuit Court is therefore affirmed.
AFFIRMED.
All the Judges concur. *Page 722