BOWEN, Presiding Judge.
Gary Steven Cagle was convicted of violating the Alabama Uniform Controlled Substances Act, and sentenced to eighteen years’ imprisonment as a habitual offender. On appeal, he challenges the legality of his arrest and the subsequent search of his person which revealed two pills containing diazepam.
*464 On the afternoon of July 28, 1982, Jefferson County Sheriff’s Deputy Norman Harris and Leeds Detective Sergeant C.A. Hudson went to a residence on Lovick Road in Leeds, Alabama, to execute a search warrant. The officers encountered Cagle walking along the roadside in front of the residence, and, after determining that he was intoxicated, they arrested him for public intoxication, searched him, and found several pills on his person, two of which were later determined to contain the controlled substance diazepam.
Detective Sergeant Hudson testified as follows regarding the defendant’s condition:
“A The main thing I remember about him is his eyes, they were real dialated (sic). His speech was running together, talking, you know, one word would run into the next word, slurred, or whatever. He was unsteady on his feet. He was standing on the edge of the roadway to a point where he could have stepped out in front of a car and got hurt or something.
“Q What was the name of the road again?
“A Lovick.
“Q Is it a well traveled road or only seldom used?
“A It’s fairly used.
“THE COURT: Got some industry out there.
“THE WITNESS: Yes, sir.
“Q Was there traffic at that time?
“A Yes, sir.
“Q Cars?
“A Yes, sir. People were getting off from work. It was late in the afternoon.
“Q Did you form an opinion as to whether this Defendant was endangering himself there near the roadway or on the roadway?
“A Yes, sir. Like I said, he could have stepped out in front of a car and hurt himself or hurt somebody else.
“Q Did you do anything in relation to him after you observed his conduct?
“A Yes, sir. My partner and I placed him under arrest for public intoxication.”
Deputy Harris stated the following:
“A He appeared to be intoxicated. There wasn’t any smell of alcohol. He was high and staggering. He was loud. Happy.
“Q Did he ever speak to y’all?
“A Yes, sir.
“Q Could you describe the manner in which he spoke and what he said?
“A We were coming out of the residence that we had searched and was in the process of searching. He said, ‘Hey, what the hell is going on down here?’
“Q Loud or soft?
“A He was loud.
“Q Did he say anything more?
“A Yes, sir.
“Q Could you describe the tone of his voice?
“A He was loud.
“THE COURT: What did he say?
“THE WITNESS: I don’t remember what all he said, Your Honor. I remember that initial statement he made. Then when we searched him he said, ‘Ah man, I ain’t got nothing.’ Said, T just come down here to see what y’all were doing.’
“Q Did he have anything in his hands?
“A He was eating ice cream.
“Q When you first saw him where was he?
“A He was walking down the road.
“Q Was that a public thoroughfare?
“A Yes, sir.
“Q Was there traffic, cars?
“A Yes, sir, there was traffic, light traffic.”
Cagle contends that the State did not prove the elements of public intoxication, that his arrest was unlawful, and that the ensuing search of his person was, therefore, illegal.
Section 13A-11-10, Code of Alabama 1975, provides that “A person commits the crime of public intoxication if he appears in a public place under the influence of alcohol, narcotics or other drug to the degree that he endangers himself or another per *465 son or property, or by boisterous and offensive conduct annoys another person in his vicinity.”
In order to prove that Cagle was intoxicated on the occasion in question, it was unnecessary for the State to present evidence that he failed a chemical or field sobriety test, as the defendant suggests. The testimony of the arresting officers regarding their observations of the defendant was sufficient. C. Gamble, McElroy’s Alabama Evidence § 60.03(6) (3d ed. 1977).
“Intoxication of a person at the time in issue may be shown by a combination of circumstances even though no one of the circumstances considered alone would be sufficient to prove such intoxication. Ev- ■ idence has been held admissible, for example, that shortly before and after the time in issue, the person was unsteady on his feet, drove his automobile in a wabbling manner and had a pint of whiskey in his automobile.” Id. at 115.
Even a lay witness may testify that, in his opinion, a person was intoxicated. Rivers v. Black, 259 Ala. 528, 68 So.2d 2 (1953). In the present case, the conclusions of the trained police officers, based on their observation of the defendant’s dilated pupils, slurred speech, and staggering gait, were sufficient evidence of Cagle’s intoxication.
Intoxication alone, however, is not prohibited by § 13A-11-10, Code of Alabama 1975. Our public intoxication statute is taken, almost verbatim, from the Model Penal Code provision. The commentary to the corresponding model code provision states that “It is not the state of incapacitation per se that is condemned, but only its public manifestation in ways that may endanger the actor or inconvenience others. It follows that where the prospect of neither harm exists, there is no liability under Section 250.5.” Model Penal Code and Commentaries § 250.5 at 376 (A.L.I.1980).
Here, the State did not rely on the statutory provision prohibiting boisterous, offensive or annoying conduct, but, instead, attempted to prove that Cagle’s behavior endangered himself. Similar statutes aimed at the protection of the intoxicated offender have been upheld against constitutional attack, See, e.g., United States v. Crutchfield, 418 F.Supp. 701 (W.D.Pa.1976). The Model Penal Code provision recognizes a State’s interest in protecting the drunken offender himself. Describing the purpose of the predecessor to § 13A-11-10, Judge Cates, concurring specially in Haywood v. State, 43 Ala.App. 358, 190 So.2d 725, cert. denied, 280 Ala. 171, 190 So.2d 728 (1966), observed that “[t]he Legislature has laid down a rule of conduct to protect the besotted pedestrian as well as the motorist.” 43 Ala.App. at 361, 190 So.2d at 728 (construing tit. 14, § 120(1), Code of Ala.1940 (Re-comp.1958) (later codified at § 13-6-15, Code of Ala.1975) (repealed by 1977 Ala. Acts 607, § 9901)).
Here, the testimony of Detective Sergeant Hudson that Cagle was “endangering himself ... on the roadway” because he was so unsteady on his feet that he “could have stepped out in front of a car and hurt himself” was, in our judgment, sufficient evidence of publicly manifested and potentially dangerous intoxication. Cagle’s arrest for public intoxication was, therefore, proper and the subsequent search of his person legal.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.