671 So.2d 133 (1995)
B.S.L.
v.
STATE.
CR-94-344.
Court of Criminal Appeals of Alabama.
July 28, 1995.
Rehearing Denied September 8, 1995.
Certiorari Denied November 22, 1995.
Glenda Hudson, Jasper, for Appellant.
Jeff Sessions, Atty. Gen., and Stephen Dodd, Asst. Atty. Gen., for Appellee.
Alabama Supreme Court 1941933.
TAYLOR, Presiding Judge.
The appellant, B.S.L., was adjudicated delinquent on the charge of public intoxication, a violation of § 13A-11-10, Code of Alabama 1975. She was fined $150 dollars and was placed on 12 months' probation.

I
The state's only witness was Tam Peoples, a police officer with the City of Carbon Hill. Officer Peoples testified that on November 10, 1994, he received a report that the occupants of a black Ford Escort automobile located near the intersection of Widow's *134 Lane and Nauvoo Road in Carbon Hill were involved in a domestic dispute or that they were fighting.
Officer Peoples testified that he proceeded to the intersection, where he saw a black Escort leaving Widow's Lane and turning onto Nauvoo Road. The automobile accelerated quickly and Officer Peoples pursued it. After a whiskey bottle was thrown out of the passenger side window, Officer Peoples activated his blue lights. The Escort pulled to the side of the road. Officer Peoples testified that there were three people in the automobile, and that the appellant was in the front passenger's seat. There was a strong smell of alcohol in the vehicle.
Officer Peoples testified that the appellant's speech was slurred, that she was "unbalanced," and that she appeared to be drunk. The officer considered the appellant to be a danger to herself because she was staggering and had difficulty walking. In his opinion, the appellant could not walk well enough to be released, so he placed the appellant under arrest. A breathalyzer test revealed that the appellant's blood alcohol level was .156 percent.
On cross-examination, Officer Peoples admitted that he did not witness the appellant engage in any fight or domestic dispute. The officer acknowledged that the appellant was a passenger in the car and not the driver.
Testifying in her defense, the appellant admitted that she and her two friends had been drinking, but denied that she had staggered or had been unable to walk. The appellant testified that her friends were taking her home and that she did not throw the whiskey bottle out of the car window.
The appellant contends on appeal that the evidence was insufficient for her to be adjudicated delinquent based on public intoxication. Specifically, she contends that the state failed to prove that she posed a danger to herself, another person, or to property in accordance with the applicable statute. Section 13A-11-10 reads as follows:
"A person commits the crime of public intoxication if he appears in a public place under the influence of alcohol, narcotics or other drug to the degree that he endangers himself or another person or property, or by boisterous and offensive conduct annoys another person in his vicinity."
(Emphasis supplied.) At the delinquency hearing, the state did not rely on the statutory provision referring to annoying, boisterous, and offensive conduct. Rather, it attempted to prove that the appellant endangered herself.
The record reflects that the state produced sufficient evidence to comply with the first two elements listed in the statute. Officer Peoples testified that the appellant was on a public highway, and his testimony, together with the results of the breathalyzer test, support a finding that the appellant was intoxicated. However, the state's evidence concerning the danger posed by the appellant is less substantial.
The State relies on three portions of Officer People's testimony as evidence of the appellant's endangerment: 1) the report that the individuals in the Escort had been fighting or were involved in a domestic dispute, 2) the officer's observation that the appellant was so incapacitated that she could not walk satisfactorily, and 3) the officer's assertion that someone threw a whiskey bottle out of the passenger's side window of the automobile. However this testimony, taken as true for purposes of this analysis, is insufficient to support a finding that the appellant posed a danger to herself.
First, there was no evidence of a domestic dispute or fight except unsubstantiated hearsay. The officer's testimony concerning the report was based on a call he had received on his police radio. He had no personal knowledge of any fight, but was proceeding to investigate whether one had occurred. There was no evidence that a fight or domestic dispute occurred, much less that the appellant had been involved.
Second, although the officer said that B.S.L. did not walk well, she was sitting in a car until he ordered her out. A similar situation presented itself in an earlier case, where this court stated:
"The testimony of the arresting officer affirmatively showed that, although appellant was drunk, he was not endangering himself, another person or property, and he was not boisterous, offensive or annoying. Under these circumstances, the elements *135 of the State's offense of public intoxication were not met. Mere drunkenness or staggering is not sufficient under that statute. See Thompson v. State, 34 Ala. App. 608, 42 So.2d 640, cert. denied, 253 Ala. 63, 42 So.2d 642 (1949); Ala.Code § 13A-11-10 (1975) (Commentary)."
Congo v. State, 409 So.2d 475, 477 (Ala.Cr. App.1981), cert. denied, 412 So.2d 276 (Ala. 1982). The mere assertion by the arresting officer that the appellant was so drunk that she staggered or had difficulty walking does not alone support an inference that the appellant posed a danger to herself. Our conclusion would probably be different if there was clear evidence that the appellant was seen staggering down a highway or was driving a car. See Cagle v. State, 457 So.2d 463 (Ala.Cr.App.1984), in which a public intoxication conviction was upheld where the defendant endangered himself and others where she was drunk and staggering on the highway, and the testimony was that the defendant was so unsteady on his feet that he "could have stepped out in front of a car and hurt himself."
"Intoxication alone, however, is not prohibited by § 13A-11-10, Code of Alabama 1975. Our public intoxication statute is taken, almost verbatim, from the Model Penal Code provision. The commentary to the corresponding model code provision states that `It is not the state of incapacitation per se that is condemned, but only its public manifestation in ways that may endanger the actor or inconvenience others. It follows that where the prospect of neither harm exists, there is no liability under Section 250.5' Model Penal Code and Commentaries § 250.5 at 376 (A.L.I. 1980)."
Cagle v. State, 457 So.2d 463, 465 (Ala.Cr. App.1984).
The appellant's adjudication of delinquency is due to be reversed and a judgment rendered in her favor.
REVERSED AND RENDERED.
All the Judges concur.