McMILLAN, Presiding Judge,
dissenting.
I respectfully dissent from the unpublished memorandum issued in this case, wherein this Court concludes that the City of Dothan presented sufficient evidence to support the conviction of Jerry T. Nowell, Jr., for public intoxication, as that offense is defined by § 13A-11-10, Ala.Code 1975. The evidence presented by the City tended to show the following: Nowell was found lying on a bench next to a fountain at Northside Mall in Dothan. When police officers woke him and attempted to move him along, they observed that his eyes were glassy and his speech slurred; he was unsteady on his feet and he had to return to the bench several times. Nowell smelled of alcohol; he was not coherent; and when officers asked to see his driver’s license he attempted to give the officers a credit card and money rather than his license. Testimony was presented that the officers believed it would be unsafe to leave Nowell at the mall because he was so intoxicated that he was unaware of where he was and they speculated that he might have stumbled out into the mall parking lot, injuring himself or someone else.
According to § 13A-11-10, Ala.Code 1975:
“A person commits the crime of public intoxication if he appears in a public place under the influence of alcohol, narcotics or other drugs to the degree that he endangers himself or another person or property, or by boisterous and offensive conduct annoys another person in his vicinity.”
Thus, pursuant to this statute, a person not only must be under the influence in a public place, but he also must endanger himself or another person or property or annoy another person by boisterous or offensive conduct. There was no testimony offered by the City that Nowell annoyed any other person or that he endangered himself or any other person; moreover, the evidence was undisputed that the officers had to wake Nowell up in order to question him. I do not agree with the majority that the possible harm posed by an intoxicated person sleeping inside a mall is sufficient to prove endangerment.
The Commentary to § 13A-11-10 states that “[tjhis section is adopted from Michi *602 gan Revised Criminal Code § 5545.” (The reference to § 5545 is an apparent typographical error as § 5545 sets out the offense of falsely reporting an incident, while § 5535 defines “disorderly intoxication.”) “Disorderly intoxication” is defined in § 5535 as follows:
“A person commits the crime of disorderly intoxication if he is intoxicated in a public place and is either endangering directly the safety of another person or property or is acting in a manner that causes a public disturbance.”
(Emphasis added.) The Committee Commentary to this section states:
“Section 5535 restates the present Michigan law which limits criminal liability for public intoxication to situations involving public disturbance or direct threat to safety of others or their property.”
Thus, this offense clearly addresses direct threats rather than potential or possible sources of threats of harm.
Here, as in Cagle v. State, 457 So.2d 463 (Ala.Crim.App.1984), the State did not rely on the statutory provision prohibiting boisterous, offensive, or annoying conduct but instead, attempted to prove that Nowell’s behavior endangered himself or those individuals near him. Although the State provided sufficient evidence to satisfy the first two elements -of the statute — that Nowell was intoxicated and that he was in a public place — the State failed to provide evidence as to the danger posed by Nowell.
“Intoxication alone, however, is not prohibited by § 13A-11-10, Code of Alabama 1975. Our public intoxication statute is taken, almost verbatim, from the Model Penal Code provision. The Commentary to the corresponding model code provision states that ‘It is not the state of incapacitation per se that is condemned, but only its public manifestation in ways that may endanger the actor or inconvenience others. It follows that where the prospect of neither harm exists, there is no liability under Section 250.5’ Model Penal Code and Commentaries § 250.5 at 376 (A.L.I. 1980).”
Cagle v. State, 457 So.2d at 465.
Thus, in B.S.L. v. State, 671 So.2d 133 (Ala.Crim.App.1995), the State failed to provide sufficient evidence that the appellant, who had been charged with public intoxication, posed a danger to herself or others. In B.S.L., the appellant had been traveling in a vehicle, where she was positioned in the front passenger’s seat, which was stopped by an officer after he observed a whiskey bottle being thrown out of the passenger side window. The officer testified that there was a strong smell of alcohol in the vehicle and that the appellant’s speech was slurred; he also stated that she was “unbalanced.” The officer testified that he considered the appellant to be a danger to herself because she was staggering and had difficulty walking. Moreover, there had been a report that the individuals in the vehicle had been fighting or that they were involved in a domestic dispute. This Court determined that there was insufficient evidence from which to conclude that the appellant posed a danger to herself or to others, because the evidence concerning the domestic dispute was unsubstantiated hearsay and the officer had no personal knowledge of any fighting or argument. Moreover, the mere fact that the appellant could not walk well did not support an inference that she posed a danger to herself. In so concluding, this Court referred to Congo v. State, 409 So.2d 475, 477 (Ala.Crim.App.1981), cert. denied, 412 So.2d 276 (Ala.1982), wherein the Court stated:
“The testimony of the arresting officer affirmatively showed that, although appellant was drunk, he was not endangering himself, another person, or property, and he was not boisterous, offensive or *603 annoying. Under these circumstances, the elements of the State’s offense of public intoxication were not met. Mere drunkenness or staggering is not sufficient under that statute. See Thompson v. State, 34 Ala.App. 608, 42 So.2d 640, cert. denied, 253 Ala. 63, 42 So.2d 642 (1949); Ala.Code § 13A-11-10 (1975) (Commentary).”

Id.

Similarly, in the present case, although there was ample evidence that Nowell was intoxicated and that he had positioned himself in a public place, there was insufficient evidence that he posed a danger to himself or to another person or property.
I believe the actual facts in evidence must constitute the offense rather than surmise or conjecture. The sleeping appellant in this case may have continued to sleep, called for a ride, remained quietly inside the mall, or walked safely away. Because I believe that the City failed to present any evidence, other than speculation, as to future possibilities of the necessary element that Nowell was endangering himself or another person or property, as required by § 13A-11-10, I believe that the judgment in the present case should be reversed and a judgment rendered for No-well.